UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. 1:22-cr-00124-LEW |
| ) | |
| CHRISTOPHER ROSS, ) | |
| ) | |
| Defendant ) | |

**ORDER ON DEFENDANT'S MOTION TO REVIEW
<u>CONDITIONS OF RELEASE</u>**

The matter before the Court is Defendant Ross's Motion to Review Conditions of Release (ECF No. 11). Ross is presently in the custody of the State of Maine, and he asks this Court to terminate the conditions of his federal supervised release.[1] Because Ross is currently in state custody, his Motion is denied.

## Background

In 2013, Ross pled guilty to conspiring to distribute and possess with the intent to distribute narcotics. (Case No. 2:12-cr-00014-JDL.) He was sentenced to 60 months imprisonment followed by 3 years of supervised release. In 2015, Ross's sentence was reduced to 52 months.

After completing his sentence, Ross has twice violated the terms of his supervised release. First, in May 2022, Ross was convicted on two counts of distributing a controlled

---

[1] Ross's Motion was submitted to the Court through a letter, which the Clerk Office's styled as a motion to review the conditions of his release. After reviewing the Motion, the Court understands Ross to be requesting the Court to terminate—rather than simply revise—the conditions of his federal supervised release.

substance in the United States District Court for the District of New Hampshire and sentenced to nine months imprisonment and three years of supervised release. (ECF Nos. 1-1, 1-2, 1-3.) Upon Ross's release from custody, his supervised release was transferred to this District Court. (ECF No. 1.) Ross's period of supervision began in June 2022, and since then the U.S. Probation Office and Ross have twice agreed to modify the terms of his release, and the Court has granted these requests. (ECF Nos. 2, 3, 4, 5.) Second, in March 2023, the U.S. Probation Office successfully petitioned for an arrest warrant. The Probation Office alleged, among other violations, that Ross was arrested by the Houlton, Maine Police Department after he was driving a vehicle that officers discovered contained various illicit drugs. (ECF Nos. 6, 8.)

According to the U.S. Probation Office, in May, Ross was indicted by an Aroostook County grand jury on one count of unlawful trafficking of scheduled drugs, two counts of unlawful possession of scheduled drugs, and one count of violating the conditions of his release. While in custody in May, Ross requested the Court to terminate the conditions of his federal supervised release. The Government submitted a response. (ECF No. 13.)

## Discussion

Ross requests the Court to terminate the conditions of his release, asking the Court whether there is "anything [he] can do to finish [his] supervised release after [he has] the charges dropped" in the state prosecution and "in the meantime go to a rehab." Mot. at 5. The Government argues that "[t]o the extent that the defendant is asking to be brought into federal custody to commence his supervised release revocation proceedings and be released on bail, the Court should deny the motion" because Ross is in state custody. Resp. at 1.

The Federal Rules of Criminal Procedure govern revocations and modifications of supervised release. When someone is "in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." Fed. R. Crim. P. 32.1(b)(1)(A). The court must then hold "the revocation hearing within a reasonable time." Fed. R. Crim. P. 32.1(b)(2). Defendants, however, only have these rights if they are in *federal* custody. This principle was explained in *United States v. Chaklader*, 987 F.2d 75 (1st Cir. 1993). There, Chaklader argued that a twenty-one-month delay between the time that state authorities indicated their readiness to make him available to federal authorities and the time of his probation revocation hearing violated both Rule 32.1 and his due process rights. *Chaklader*, 987 F.2d at 76. The First Circuit, on plain-error review, denied his challenge. The court reasoned that while there must be "a prompt probable cause hearing" for a person held in custody for allegedly violating a condition of probation, Chaklader's claim failed because "he was not in custody *on the grounds of his federal probation violation*" when state authorities "purportedly indicated his availability to federal authorities on the detainer." *Id.* at 77; *see also United States v. Reeks*, 441 F. Supp. 2d 123, 125 (D. Me. 2006) (Woodcock, J.) ("Because Mr. Reeks was taken into state custody and remains there, his argument is plainly incorrect. Rule 32.1's timeliness requirements do not obtain until the defendant is in federal custody." (citing *Chaklader*, 987 F.2d at 77)). Chaklader's due process argument failed because there is "no constitutional duty to provide petitioner an adversary parole hearing *until he is taken into custody as a parole violator*." *Chaklader*, 987 F.2d at 77 (quoting *Moody v. Daggett*, 429 U.S. 78, 89 (1976)).

In sum, the Court cannot presently revoke the conditions of his supervised release.

## Conclusion

Ross's Motion to Review Conditions of Release (ECF No. 11) is DENIED.

**SO ORDERED.**

Dated this 13th day of September, 2023.

                                              /s/ Lance E. Walker  
                                              UNITED STATES DISTRICT JUDGE